**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JARAMOGI JEROME-EUGENE
STANDIFER,

      CASE NUMBER: 08-11328
   Plaintiff,        07-20100

v.          HON. MARIANNE O. BATTANI

UNITED STATES OF AMERICA,

   Defendant.

_____/

**OPINION AND ORDER DENYING PETITIONER'S § 2255
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Doc. No. 14). The Court has reviewed the pleadings and finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(e)(1). For the reasons that follow, Petitioner's Motion is **DENIED.**

**I.  INTRODUCTION**

On June 13, 2007, Jaramogi Jerome-Eugene Standifer pleaded guilty to a one count indictment charging him with violating 18 U.S.C. § 472, Possession and Uttering Counterfeit Obligations of the United States with Intent to Defraud. On April 19, 2007, Standifer signed a Rule 11 Plea Agreement. Although the agreement contemplated a sentencing guideline range of two to eight months imprisonment, it explicitly provided, among other things, that if the Court found that Standifer's Criminal History Category

was higher than reflected on the attached worksheet, then a higher guideline range would become effective.

An increase did result from the discovery of additional prior convictions. Specifically, after the United States Probation Department completed the Presentence Investigation Report (PSR) on July 18, 2007, it calculated Defendant's guideline range at eight to fourteen months, based upon his criminal history points and applicable Criminal History Category IV. On January 24, 2008, this Court sentenced Standifer to twelve months of imprisonment. Standifer did not object to the PSR.

In his motion, Petitioner alleges ineffective assistance of counsel because his attorney failed to object to the PSR and challenge the Probation Department's scoring of his criminal history. The Court addresses the claim below.

## II. STANDARD OF REVIEW

A federal prisoner may file a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence upon the ground that the sentence imposed violates the United States Constitution. To prevail on a motion alleging constitutional error, the movant bears the burden of establishing "an error of constitutional magnitude which had a substantial and injurious effect or influence" on the criminal proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003). To prevail on a motion alleging non-constitutional error, the movant must demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990); Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

When seeking to vacate or set aside a sentence based on ineffective assistance of counsel, the defendant carries a heavy burden. The Supreme Court has held:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court subsequently extended the application of the Strickland test to claims of ineffective assistance of counsel arising out of the plea process. See Hill v. Lockhart, 474 U.S. 52 (1985). The Court stated, "[w]e hold, therefore, that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Id. at 58. Clarifying the requirement of the second prong in the context of a guilty plea, the Court explained, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Nagi v. United States, 90 F.3d 130, 134-35 (6th Cir. 1996) ("In claiming ineffective assistance of counsel in the context of a guilty plea, [the defendant] must show that his counsel's performance was deficient and that the deficient performance caused [the defendant] to reach a different decision regarding his plea.").

## III. ANALYSIS

Standifer claims his counsel was ineffective because he failed to challenge the Probation Department's calculation of his Criminal History Category. He concludes that he is entitled to have the sentence vacated, set aside, or corrected.

The Rule 11 Plea Agreement contemplated an increase in the sentencing guideline range. Defendant agreed his guideline range was to be two to eight months unless the Court found that his Criminal History Category was higher, Defendant made false statements, or committed any other crime resulting in the higher guideline range. After scoring Defendant's Criminal History Category, the range calculated in the PSR was eight to fourteen months.

Standifer's counsel failed to object to the increased score, and Petitioner maintains that his attorney was ineffective for not challenging the calculation resulting in two additional points for prior convictions. According to Standifer, because two state sentences were imposed on the same day, they should have been considered a single sentence and scored once, resulting in a total of six rather than eight points. The Court disagrees.

Section 4A1.2(a)(2) "instructs that sentences imposed in unrelated cases are to be counted separately, while sentences in related cases are not. . . . United States v. Davis, 15 F.3d 526, 532 (6th Cir. 1994). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense)." The Davis Court further noted, "Otherwise, prior sentences are considered related if they resulted from

offenses that. . .were consolidated for trial or sentencing (quoting comment n.3)." Id. (citing U.S.S.G. § 4A.12(a)(2)). Petitioner seeks to establish that his offense were related because they were consolidated for sentencing. The argument fails for two reasons. First, the provision does not apply because of the intervening arrest; and second, the offenses were not consolidated for sentencing.

### A. Intervening Arrest

Section 4A1.2(a)(2) mandates that prior sentences to be counted separately "if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense." Id. Here, Standifer was arrested on November 16, 2001, after a vehicle in which he was a passenger was stopped for a traffic violation. Petitioner possessed marijuana and was placed under arrest. His second offense was committed on January 1, 2004, more than two years later.

### B. Consolidated for Sentencing

In his argument, Petitioner relies on the instructions for analyzing prior sentences where no intervening arrest has taken place. Even assuming that were not the case, Petitioner's argument is meritless.

Even though "[n]o federal court has provided an all-encompassing definition of the term 'consolidated for sentencing'" United States v. Coleman, 964 F.2d 564, 566 (6th Cir. 1992), in United States v. Williams, No. 99-6030, 2000 WL 1872059 (6th Cir. Dec. 15, 2000) (footnotes omitted), the Sixth Circuit has provided some guidance:

5

> It is well-established in this Circuit that prior convictions are not "consolidated for sentencing" within the meaning of the application note 3 of § 4A1.2 of the Guidelines (and, thus, not deemed "related cases") when the record reflects that the convictions were treated "separately and distinctly," as evidenced by, for example, the use of separate criminal complaints, separate indictments, or separate case numbers. United States v. Coleman, 964 F.2d 564, 566 (6th Cir. 1992); accord United States v. Odom, 199 F.3d 321, 324 (6th Cir. 1999) (refusing to find that prior convictions were consolidated because defendant's crimes were committed over a period of months, involved different victims, and were charged in different indictments with different case numbers for which he received separate sentences); United States v. McAdams, 25 F.3d 370, 374 (6th Cir. 1994) (affirming district court finding that prior convictions were "not consolidated for sentencing because the offenses proceeded to sentencing under separate dockets numbers, they were not factually related, there was no need order of consolidation, there were separate entries of judgment on separate sheets of paper, and different sentences were levied in the different cases").

In Coleman, the defendant appealed the district court's ruling which sentenced the defendant as a career offender, even though he had been sentenced for the two underlying felonies on the same day by the same judge. 964 F.2d at 565. Coleman claimed that because the sentences were imposed on the same day, they were consolidated for purposes of determining his criminal history category. Id. The Court rejected the argument, holding the convictions were not consolidated even though "he was sentenced for both robberies on the same day in the same court and received concurrent sentences. These facts, in and of themselves simply do not suggest that the cases were consolidated for sentencing." Id. at 567. The same reasoning applies here.

In this case, Petitioner was assigned two points for a November 16, 2001, Controlled Substance-Delivery/Manufacture Marijuana arrest and two points for a January 1, 2004, multiple count arrest. On March 11, 2004, Standifer appeared in court

for both arrests. He was sentenced for the two separate offenses, resulting in two additional points in his criminal history. Although the sentences were indeed imposed on the same day, the arrests are not related. The substantive counts and claims are different, the docket numbers are different, and the facts surrounding the arrest are completely different. Consequently, the offenses for which Standifer was sentenced are neither "related" nor "consolidated."

To establish ineffective representation under the Stickland test, Standifer must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. His counsel's failure to object to the inclusion of a provision in the Plea Agreement that contemplated an increase in the sentencing guideline range for various reasons does not constitute serious error. Nor did counsel's failure to object to the increase in criminal history points which were calculated correctly. Even if Petitioner could establish the first prong of the Strickland test, he cannot satisfy the second. Specifically, Standifer cannot show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In this instance, he claims that his attorney failed to object to certain paragraphs of the PSR which, in essence, would have reduced the sentencing guideline range. Because Standifer and his attorney agreed with the Rule 11 Plea Agreement and signed-off as having understood the consequences, it is reasonable to infer no facts show that he would have insisted on proceeding to trial. Standifer only contends that his attorney should have contested the calculation of his criminal history score, not that he

7

would have pleaded differently and sought to go to trial but for the counsel's ill advice. Consequently, Standifer meets neither prong of the test. Therefore, Petitioner is not entitled to have his conviction or sentence vacated.

## IV. CONCLUSION

Accordingly, Standifer's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS SO ORDERED.**

                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT COURT JUDGE

DATED: September 10, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Petitioner and counsel of record on this date by ordinary mail and/or electronic filing.

                                    s/Bernadette M. Thebolt
                                    Deputy Clerk